STATE OF MISSOURI, RESPONDENT, v. A. D. MARTIN, APPELLANT.[*]

Kansas City Court of Appeals. March 1, 1926.

[*]Corpus Juris-Cyc. References: Arrest, 5CJ, section 31, p. 402, n. 93; section 46, p. 417, n. 4; section 74, p. 434, n. 84; Criminal Law, 16CJ, section 1098, p. 567, n. 98; section 1110, p. 571, n. 93; 17CJ, section 3593, p. 255, n. 55; section 3594, p. 264, n. 89; Intoxicating Liquors, 33CJ, section 437, p. 721, n. 39; section 546, p. 790, n. 19.

*Ray Rucker* for State. No Brief.

*C. I. Bennington* and *Bente & Wilson* for appellant.

ARNOLD, J.—This is an appeal from a verdict of guilty and sentence thereon in a prosecution for a violation of the State law as to possession of intoxicating liquor. The punishment as named in the verdict was a fine of $300.

The record discloses that on October 10, 1924, defendant was arrested by peace officers of Pettis county, Missouri, consisting of a constable, his deputy and a member of the police force of the city of Sedalia, at the home of one Mrs. Joe Martin, 1408 South Prospect

street in said city; that defendant was taken before a justice of the peace having jurisdiction of the cause, before whom, and after the arrest, an affidavit and information were filed, a warrant issued and defendant arraigned thereon. A plea of guilty was entered but afterwards withdrawn and on trial of the cause before the justice, defendant was found guilty and his punishment fixed at a fine of $200. The case was appealed to the circuit court of Pettis county where an information was filed and the cause there tried *de novo* upon such information. The amended information is as follows:

"Comes now Roy W. Rucker, Prosecuting Attorney within and for the county of Pettis, in the State of Missouri, and with leave of court, informs the court upon his official oath that A. D. Martin, on the 10th day of October, 1924, at Sedalia Township in the county of Pettis, in the State of Missouri, did then and there willfully, unlawfully and knowingly possess and have in his possession for his own use, for beverage purposes, one pint of intoxicating liquor at a place other than defendant's private residence, to-wit, at a house located and known as 1408 South Prospect street in the city of Sedalia, in the county and State aforesaid; against the peace and dignity of the State.

"(Signed)    Roy W. Rucker

"Prosecuting attorney of Pettis County, Missouri."

The testimony in behalf of the State shows the accused and his son, Joe Martin, were residents of Cooper county, Missouri, and that on October 10, 1924, they were in the city of Sedalia at the residence of Joe Martin's divorced wife at the address named in the information; that after they arrived and parked their cars in front of the house, they repaired to the said residence; a few minutes later, defendant's son, Joe, went from the house to his automobile and took therefrom two bottles of intoxicating liquor and carried them into the house; that later A. M. Hampton, constable, was notified by telephone that there was a disturbance at 1408 South Prospect street; that the said constable and his deputy, W. H. Pfeifer, and a policeman, W. T. Jackson, went to the place where they found the accused and his son Joe, within the house. The accused was sitting in a rocking chair in the front room, while his son Joe was in the kitchen and both in a state of inebriety. There was no disturbance or disorder shown at that time and it is insisted by counsel for defendant that the accused was in a "peaceable condition" at that time; but whether such condition was wholly due to over indulgence does not conclusively appear. Defendant was placed under arrest and was directed to stand and be searched. In obedience to such direction defendant arose from his chair and in so doing, dropped a flask of liquor from his pocket to the floor. This incident forms the basis of the charge of possession herein.

The testimony in behalf of defendant was that he and his son, Joe, had gone to the residence in question for the purpose of buying whiskey of Joe's divorced wife; and that they did so purchase whiskey which they drank and became drunk. There was some evidence in defendant's behalf tending to show that the flask which dropped to the floor when he arose was purposely placed in his chair by Joe Martin's divorced wife, the obvious intent of such testimony being to support defendant's theory that the flask and contents were not in defendant's possession.

Except in the respect just stated, there is no material conflict in the evidence. The theory of the prosecution was that the liquor in question was in the possession of, and was the property of defendant; while defendant maintains that the liquor was not his, and that it was not in his possession.

The amended information above set out was filed in the circuit court on January 5, 1925, and defendant was placed on trial January 17, 1925. Defendant filed a motion to quash the information on the ground that it has been amended since it was filed in the justice court. This motion was overruled and defendant then filed a motion to quash the affidavit and information filed in the justice court. This motion also was overruled and thereafter and before the trial was begun, defendant filed a motion to suppress the evidence alleged to have been taken from defendant at the time of his arrest, for the reason that the arrest was made without a warrant and defendant was searched without a search warrant. Evidence on this motion was heard by the court, not in the presence of the jury, the motion was overruled and the cause proceeded to trial. After all the evidence was presented, defendant refiled his motion to suppress the evidence, but the court overruled this motion. The verdict and judgment were as above indicated. Motions for a new trial and in arrest were unavailing and defendant appeals.

It is urged the court erred in overruling defendant's motion to quash the information after hearing the evidence (out of hearing of the jury) in detail of the circumstances immediately surrounding the arrest. It is argued the constable had no right to arrest the defendant without a warrant because he was sitting peacefully in the house where the arrest was made, and that no offense was being committed in the presence of the constable and his deputies.

There is no question that if the undisputed facts were as stated in this argument, defendant would be right in his position. The weakness of the argument in this respect lies in the fact that it assumes the arrest was made for the disturbance which was reported to the arresting officer over the telephone; while, as claimed by the State, the arrest was made because of the unlawful possession by defendant of the intoxicating liquor,

We do not understand defendant to claim that the constable is without authority to make an arrest when the offense is being committed in his presence. It is the law that a peace officer may legally arrest a person under the conditions just stated. [State v. Pritchett, 119 S. W. 386, 219 Mo. 696; Wehmeyer v. Mulvihill, 150 Mo. App. 197, 130 S. W. 681.] In this case the charge is that defendant possessed intoxicating liquor and the testimony shows that when defendant arose to be searched, the flask containing the accusing fluid dropped from his person, thus disclosing a violation of the law, in the presence of the officer. In these circumstances we hold the court was justified in overruling the motion to quash, and allowing the question to go to the triers of fact for consideration. This ruling disposes of defendant's contention that a search warrant was necessary.

It is urged that the court erred in overruling defendant's motion, timely made, to suppress the evidence. This contention, also, is based upon defendant's theory of the case to the effect that the intoxicating liquor in evidence was secured by unlawful search and seizure. A review of the testimony in behalf of the State shows, as above stated, that the evidence sought to be suppressed was obtained by defendant's dropping the flask from his person, and not as a direct result of the search of his person, and that this evidence was sufficiently substantial to justify the court in overruling the motion to suppress the evidence. This holding is not in derogation of section 3202, Revised Statutes 1919. We have carefully examined defendant's citations in support of his position on this point, but we find they do not apply to the situation in the case at bar.

Defendant complains that the arresting officers had no right to enter the house at 1408 South Prospect street and search it as they did, without first having secured a search warrant. And this is urged as another reason in support of defendant's position that the court erred in refusing to suppress the evidence asked by defendant. We hold this position untenable in the light of substantial testimony presented to the effect that the house was not searched. There was no error in this respect.

It is charged the court erred in permitting the prosecuting attorney to exhibit the bottle of whiskey, in evidence, to the jury. This position, of course, is based upon the theory that the bottle of whiskey was secured through unlawful search and seizure, without a warrant. Having ruled against defendant on this point in what has been said herein, we need not repeat the ruling here. The same may be said of defendant's assignment of error to the effect that the court erred in permitting the prosecuting attorney to inspect the bottle containing the alleged outlawed liquor in the presence of the jury and offering to permit its inspection by the jury.

Defendant complains that the verdict returned was the result of prejudice based upon the proposition that the whiskey in question

belonged to defendant, and on the assumption that defendant had taken the whiskey to the home of his former daughter-in-law, and on the assumption that the whiskey had been lawfully taken from the person of defendant, and that defendant had been lawfully arrested and because the verdict was based upon mere suspicion.

These were all disputed points, and as there was substantial evidence offered by the State in support of its position on all of them, we are not authorized to disturb the judgment based upon the verdict of the jury.

There is one other point which defendant urged as error in his motion to quash, to-wit, that the affidavit and information were fatally defective because of failure to charge that the whiskey possessed by defendant contained more than one-half of one per cent of alcohol in volume. This point is held to be untenable because the information on its face shows that it is based upon section 1, p. 414, Session Acts 1921 (amending section 6588, R. S. 1919), wherein no such allegation is required. [State v. Ridge, 274 S. W. 496.]

Finding no reversible error of record, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.